UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH FUNK,

      Plaintiffs,                              Case No. 11-cv-11409

v.                                       HONORABLE STEPHEN J. MURPHY, III

AMANDA RISKA, et al.,

      Defendant.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff Joseph D. Funk, currently confined at the Lakeland Correctional Facility in Coldwater, Michigan, alleges that the named defendants have refused to provide him with transcripts and other court documents, and have conspired to deprive him of his constitutional rights. He names the following defendants in their individual and official capacities: Jackson County Court Clerk Amanda Riska, Jackson County Circuit Court Judge Chad C. Schmucker, Probation Officer Denise Welhusen, the Jackson County (Fourth) Circuit Court, and Jackson County (collectively "Defendants"). Funk seeks monetary damages, as well as any appropriate equitable, declaratory, or other relief. The Court has granted Funk leave to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). For the following reasons, the Court will dismiss the complaint with prejudice.

### DISCUSSION

1. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua

sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which suffers from these same defects.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  Additionally, a plaintiff must allege that the deprivation of his rights was intentional or the result of gross negligence in order to state a § 1983 claim; mere negligence will not suffice.  *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986)*; Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

2

and Fed. R. Civ. P. 8(a)(2)). While the pleading standard under Rule 8 "'does not require detailed factual allegations' . . . it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

2. Analysis

Funk raises two causes of action in his complaint. First, he claims that Defendants denied him court transcripts and other documents. Second, he asserts that Defendants conspired against him to deprive him of the transcripts and documents. Funk alleges that as a result, he was denied the right to challenge his incarceration, or to seek habeas or other relief, to remedy an allegedly illegal extension of his sentence and a monetary forfeiture imposed against him.[1]

---

[1]To the extent that Funk challenges the validity of his state criminal or parole proceedings and his continued confinement, he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). *Heck* and other Supreme Court cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Liberally construed, Funk's claim that Defendants denied him court transcripts and other documents amounts to a claim for denial of access to the courts. It is well-established that prisoners, including indigent prisoners, have a constitutional right of access to the courts, which states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821, 824-25 (1977). This right, however, is not without limit. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging conditions of confinement. *Id.* at 355; *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Moreover, to state a claim for denial of access to the courts, a plaintiff must show prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351 (finding that a prisoner must demonstrate that "the alleged shortcomings . . . hindered his efforts to pursue a legal claim."); *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) ("In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury."). Examples of actual prejudice "include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)). Additionally, a plaintiff must allege that the deprivation of his rights was the result of intentional conduct or gross negligence; mere negligence will not suffice. *See Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003).

In this case, Funk fails to allege any facts demonstrating that Defendants' failure to provide him with transcripts or other court documents was intentional in the constitutional sense. In fact, the attachments to his complaint indicate that the transcripts he requested are unavailable. *See* Compl., ex. C (noting that Funk was provided with some records he

4

requested and informed that transcripts were not available). No constitutional violation occurs when transcripts are unavailable. *Hays v. Newsom*, 3 F. App'x 270, 271 (6th Cir. 2001) ("[N]o constitutional violation occurs when a transcript does not exist and, consequently, it is unavailable to both sides.").

Additionally, Funk has failed to demonstrate that Defendants' conduct interfered with his ability to seek review in state or federal court. No actual injury occurs without a showing that a non-frivolous claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented" by the defendant's actions. *Lewis*, 518 U.S. at 354-56; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Funk has failed to allege facts to meet this standard. Although he conclusorily claims that the lack of transcripts and other documents has prevented him from seeking habeas or similar relief, Funk has failed to adequately plead or prove that he has been unable to file a collateral challenge without the transcripts and documents. Moreover, there is no constitutional right to transcripts on collateral review of a conviction *See United States v. MacCollom*, 426 U.S. 317, 328 (1976). Accordingly, Funk has failed to allege sufficient facts to establish an "actual injury" and, therefore, his claim must be dismissed for failure to state a claim upon which relief can be granted.

Funk's second claim must also be dismissed. Funk alleges that Defendants conspired against him to deprive him transcripts and documents, and thereby prevented him from seeking habeas or other relief. To state a claim for conspiracy under § 1983, a plaintiff must demonstrate: (1) that there was a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights.

5

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). "[C]onspiracy claims must be pled with some degree of specificity"; "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Funk has not alleged any facts to establish that Defendants had a single plan, shared a general conspiratorial objective, or committed an overt act in furtherance of the conspiracy. Funk's claim must therefore be dismissed.

Moreover, even if Funk had properly pled claims for denial of access to courts and conspiracy, the claims would still be subject to dismissal. First, Funk's claims against Jackson County (Fourth) Circuit Court must be dismissed because the court is not a "person" subject to suit under § 1983, but rather is an arm of the state entitled to Eleventh Amendment immunity. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). The Eleventh Amendment bars suits against a state, and its agencies or departments, unless the state has waived its immunity or Congress has abrogated it. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Accordingly, the Michigan Supreme Court and its lower courts, which operate as arms of the state, are immune from suit under § 1983. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *see also Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, at *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, at *2 (E.D. Mich. Jan. 18, 2011); *Brown*

6

*v. Michigan Dep't of Corr., et al.*, No. 2:10-CV-12649, 2010 WL 5056195, at *2 (Dec. 6, 2010).[2]

Second, Funk's claims against Jackson County are also subject to dismissal. Although municipalities and local governments are considered "persons" subject to suit under § 1983, a local government or municipality may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Svs.*, 436 U.S. 658, 690-91 (1978). In other words, for a local government entity to be held liable under § 1983, "it must be the 'moving force behind the deprivation,' such that the 'entity's policy or custom . . . played a part in the violation of federal law.'" *S.H.A.R.K. v. Metro Park Serving Summit County*, 499 F.3d 553, 563 (6th Cir. 2007) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotation marks omitted)). Funk's complaint does not allege any facts demonstrating that he suffered a constitutional deprivation as the result of an official policy, custom, or usage of Jackson County. Thus Funk's claims against Jackson County must be dismissed.

Third, Jackson County Circuit Court Judge Chad C. Schmucker is entitled to judicial immunity. Judges are entitled to absolute judicial immunity from suits for monetary damages when they are performing their judicial duties. *Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). This is true even where the judge acted erroneously, corruptly, or in

---

[2]Moreover, Eleventh Amendment immunity also applies to state employees who are sued in their official capacities, such as defendants Riska, Schmucker, and Welhusen. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).

excess of jurisdiction.  *Id.*  A 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief.  *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006).  Allegations against Judge Schmucker regarding Funk's criminal or parole proceedings, and his access to court documents, involves the performance of judicial duties. Accordingly, Judge Schmucker is entitled to immunity for claims stemming from such conduct.

Moreover, Riska, the Jackson County Circuit Court Clerk, is entitled to quasi-judicial immunity.  "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  Riska is entitled to quasi-immunity for performing judicial functions pertaining to Funk's criminal or parole proceedings and his access to court documents. *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (finding claim against two court clerks who did not provide prisoner with copies of previous filings and transcripts was properly dismissed on the basis of quasi-judicial immunity); *Yarbrough v. Garrett*, 579 F. Supp. 2d 856 (E.D. Mich. 2008) ("This Court finds that mailing transcripts to indigent prisoners so that they can appeal their convictions is 'a truly judicial act'" (quoting *Bush*, 38 F.3d at 847)); *Walthall v. Garrett*, 07-13117, 2008 WL 440648, at *2 (E.D. Mich. Feb. 14, 2008) (finding that clerk who failed to provide transcripts was entitled to quasi-judicial immunity).

Finally, the claim against Welhusen, a parole / probation officer in the Fourth Circuit

8

Court, must be dismissed because Funk has failed to allege facts demonstrating that Welhusen was personally involved in the events giving rise to the two causes of action identified in his complaint.[3]  It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983.  *See Monell*, 436 U.S. at 691-92; *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (finding that plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

## CONCLUSION

For the reasons stated, the Court concludes that Funk has failed to state a claim upon which relief may be granted in his complaint.  Moreover, defendants Riska, Schmucker, and the Jackson County (Fourth) Circuit Court are entitled to immunity.  The Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

## ORDER

**WHEREFORE it is hereby ORDERED** that Funk's complaint is **DISMISSED WITH PREJUDICE** pursuant to U.S.C. §§ 1915(e)(2) and 1915A(b).

**SO ORDERED**.

---

[3]The Court notes that Welheusen too may be entitled to quasi-judicial immunity.  The Sixth Circuit has held that a probation officer is performing a "quasi-judicial function" and is entitled to quasi-judicial immunity when she is performing duties related to ensuring compliance with the terms of probation.  *See Loggins v. Franklin Co. Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007) (citing cases); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (citing cases from other circuits); *Schuh v. Pollard*, No. 08-10482, 2009 WL 3048721, *16-17 (E.D. Mich. Sept. 15, 2009); *Murry v. Oakland Co. Probation*, No. 2:09-CV-11395, 2009 WL 1259722, *3 (E.D. Mich. April 29, 2009).

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated:  May 2, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 2, 2011, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager